## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### (Orlando Division)

Case No. _____

BARBARA VAUGHAN,

    Plaintiffs,

v.

    Removal from Circuit Court of
    Seminole County, Florida
    Case No. 2023-CA-000186

INDEPENDENT SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Independent Specialty Insurance Company ("ISIC"), by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Seminole County, Florida, bearing Case Number 2023-CA-000186, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, ISIC states the following:

### FACTUAL AND PROCEDURAL BACKGROUND

1. This matter arises from a coverage dispute on an insurance policy bearing Policy Number VUW-NH-0708485 ("the Policy"), issued by ISIC to Plaintiff to insure a property located at 1170 Baltic Lane, Winter Springs, Florida

(the "Property") subject to all applicable definitions, conditions, exclusions, exceptions, and requirements.

2. Plaintiff filed a claim with ISIC under the Policy based on her contention that the property sustained damage on or about September 29, 2022, due to hurricane Ian" *See Exhibit "A", Plaintiffs' Complaint, ¶ 7.*

3. ISIC assigned claim number VEL22043710 to the Plaintiff's claim and initiated an investigation. ISIC subsequently determined that only a portion of the damages were covered under the Policy but that no payment was due as the cost to repair or replace the property fell below the applicable deductible. *See Exhibit "B", a copy of the Coverage Determination Letter dated October 29, 2022.*

4. On January 26, 2023, Plaintiff filed a two-count complaint against Defendant for breach of contract and declaratory relief.

5. Plaintiff's Complaint alleged that "This is an action for declaratory relief and breach of contract with damages greater than Fifty Thousand Dollars and 00/100 ($50,000.00), exclusive of interest, costs, and attorney's fees". *See Exhibit "A", Plaintiffs' Complaint, ¶ 1.*

6. Plaintiff's Complaint alleged that "At all times material hereto, Barbara Vaughan, (hereinafter "Plaintiff") was and is a Florida Resident." *Id. at ¶ 2.*

7. Plaintiff's Complaint alleged that "At all times material hereto, Defendant, Independent Specialty Insurance Company, (hereinafter "Defendant")

2

was a corporation duly licensed to transact insurance business in the State of Florida..." *Id. at ¶ 3.*

8. Plaintiff's Complaint alleged that "Prior to September 29, 2022, Plaintiff sought and purchases homeowner's insurance from Defendant to cover the property located 1170 Baltic Lane, Winter Springs, Florida 32708 (hereinafter "Plaintiff's Property"). *Id, at ¶ 5.*

9. Plaintiff's Complaint alleged that "On or about September 29, 2022, Plaintiff's Property and dwelling located at 1170 Baltic Lane, Winter Springs, Florida 32708 was damaged by Hurricane Ian (hereinafter, the "Loss"). The Loss was covered under Plaintiff's Policy issued by Defendant." *Id, at ¶ 7.*

10. Plaintiff's Complaint further alleged that "As of the date of this lawsuit, Defendant has failed to: (i) acknowledge coverage for the loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiff" *Id., at ¶ 8.*

11. Plaintiff's Complaint also alleged that "Defendants refusal to: (i) acknowledge coverage for the loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiff, constitutes a breach of contract." *Id., at ¶ 13.*

12. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars and 00/100 ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

14. Plaintiffs' Complaint only alleges damages that exceed Fifty Thousand Dollars and 00/100 ($50,000.00), sufficient for the jurisdiction of Florida's circuit courts. Id., at *¶1*. However, annexed to Plaintiff's Complaint was a detailed, itemized estimate from Global Claims Services for One Hundred Nineteen Thousand Twenty-Three Dollars and 59/100 ($119,023.59).

15. The allegations in Plaintiff's Complaint coupled with the detailed, itemized estimated annexed as an exhibit thereto established the amount in controversy exceeds Seventy-Five Thousand Dollars and 00/100 ($75,000.00), exclusive of interest and costs.

16. Although the allegations in Plaintiff's Complaint conclusively established the amount in controversy, the complaint was silent as to the *citizenship* of the parties.

17. As originally filed, this action was not removable to Federal Court.

18. On February 6, 2023, in the exercise of due diligence, Defendant checked the records of the Seminole County property appraiser. The Property Appraiser's records clearly indicate that the Insureds have received a $50,000 exemption for the insured property for the calendar year 2022. *See Exhibit "C", the Exemptions Section of the Seminole County Property Appraiser's Property Record Card.*

19. Therefore, the Insureds have applied for and received the Homestead Exemption under the Florida Constitution, per the records of the Seminole County Property Appraiser.

20. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (Supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, <u>make it their permanent residence</u>." *See Robbins v. Welbaum, 664 So. 2d 1, 2 (Fla. 3d DCA 1995) (emphasis added).*

21. ISIC submits that Plaintiffs have verified by such application that they are permanent residents who reside at the homestead/insured property in Seminole County, Florida, and therefore are domiciled in Florida, making them citizens of Florida for purposes of diversity jurisdiction.

22. ISIC is a foreign corporation with its place of incorporation and principal place of business in the State of Indiana. *See Exhibit "D", the 2022 Foreign Profit Corporation Annual Report filed by Defendant ISIC with the Indiana Secretary of State. Therefore, Defendant is an Indiana corporation.*[1]

23. Based upon the foregoing, this case is appropriate for removal as all the jurisdictional requirements for removal have been met.

24. This Notice of Removal is being filed within thirty (30) days of service of the Plaintiff's Complaint on Defendant, said service occurring on January 31, 2023.

25. Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case is currently pending before the Eighteenth Judicial Circuit in and for Seminole County, Florida.

---

[1] For diversity purposes, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. § 1332(c)(1)." *World Fuel Servs. v. Pan Am World Airways Dominicana, S.A. (Pawa Dominicana) Corp.*, No. 18-20321-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 65426, at *7-8 (S.D. Fla. Apr. 17, 2018).

26. A complete copy of all process, pleadings, and orders filed in the Circuit Court of Seminole County, Florida, in Case No. 2023-CA-000186, is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a).

27. A copy of the docket sheet from the Circuit Court of Seminole County, Florida, is attached hereto as *Exhibit E*, Index of Record with Pleadings.

28. In compliance with 28 U.S.C. § 1446(d), ISIC has also provided written Notice of Removal to the Circuit Court of Broward County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit F*.

WHEREFORE Defendant Independent Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Florida (Orlando Division).

Date: February 17, 2023            Respectfully submitted,

*/s/ Tahirah R. Payne*
Tahirah R. Payne, Esq. (0083398)
Brian P. Henry, Esq. (0089069)
ROLFES HENRY CO., LPA
3191 Maguire Blvd., Suite 160
Orlando, Florida  32803
T:  (407) 284-4990
F:  (407) 284-4999

E:  tpayne@rolfeshenry.com
E:  pewing@rolfeshenry.com
E:  bhenry@rolfeshenry.com
E:  kdeglman@rolfeshenry.com

*Attorney for Defendant*
*Independent Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all parties of record, this 17th day of February, 2023.  I further certify that upon notification from the Clerk of the Court, a copy of the foregoing will be forwarded via direct email if a party is a non-ECF participant:

Ali A. Kadir, Esq.
Kuhn Raslavich, P.A.
986 Douglas Ave., Suite 102
Altamonte Springs, FL  32714
T:  407-501-4833
Ali@theKRfirm.com
Ben@theKRfirm.com
Randy@theKRfirm.com
Service2@theKRfirm.com

*Attorney for Plaintiff*

/s/ *Tahirah R. Payne*
Tahirah R. Payne, Esq. (0083398)