# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BARBARA VAUGHAN,**

          **Plaintiff,**

v.                                       Case No: 6:23-cv-279-DCI

**INDEPENDENT SPECIALTY INSURANCE COMPANY,**

          **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Amended Motion to Dismiss Count II (Doc. 21)
>
> **FILED:** March 2, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

### I.  Background

On February 17, 2023, Defendant removed this two-count action from state court to this Court. Doc. 1. In the Complaint, Plaintiff (an insured) alleges two claims against Defendant (her insurer). Doc. 1-1. In Count One, Plaintiff alleges a claim for breach contract. *Id*. at 3-4. In Count Two, Plaintiff alleges a claim for declaratory relief; in particular, "Plaintiff seeks a declaration as to Plaintiff's rights relative to coverage of the Loss[1] under the Plaintiff's Policy and Florida law." Doc. 1-1 at 4-8.

---

[1] The "Loss" is defined as the damage caused to Plaintiff's dwelling by Hurricane Ian on or about September 29, 2022. The Loss is at issue in both Counts.

On March 2, 2023, Defendant filed an Amended Motion to Dismiss Count II. Doc. 21 (the Motion). Defendant first asserts in the Motion that it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and then states two, related bases for that dismissal. Doc. 21 at 5-10. First, Defendant appears to assert that Count Two fails to state a claim because Plaintiff does not actually have any uncertainty as to the meaning of the policy language; Defendant asserts that the lack of any actual uncertainty on the part of Plaintiff is evidenced by Count One, in which Plaintiff alleges that Defendant breached the policy. *Id*. at 5-6. Second, relying solely on federal authority from the United States District Court for the Southern District of Florida, Defendant asserts that Count Two must be dismissed because it is "wholly inconsistent" with and "subsumed within" Count One. *Id*. at 6-10.

In response to the Motion, Plaintiff provides extensive, recent authority from the Middle District rejecting Defendant's related arguments. Doc. 27.

Defendant did not seek leave to file a reply and, as such, did not address the existence or persuasiveness of any of the authority cited by Plaintiff from the Middle District. This matter is now ripe for review.

II. **Legal Standard**

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. Discussion

Here, Defendant makes two, related arguments that the Complaint should be dismissed. In essence, Defendant asserts that the claim for declaratory relief in Count Two should be dismissed because Plaintiff is not actually seeking equitable relief, she is seeking damages (via Count One), and Count Two, being subsumed within and wholly inconsistent with Count One, should be dismissed. Defendant's position is supported in part by authority from the Southern District finding that where a "claim for declaratory relief is subsumed within its claim for breach of contract, the declaratory action must be dismissed." *See Fernando Grinberg Trust Success Int. Properties, LLC v. Scottsdale Ins. Co.*, 2010 WL 2510662 (S.D. Fla. June 18, 2010). But Defendant did not address the more recent, extensive authority from this District that would support the way Plaintiff pled this case.

As an initial matter, though Count Two is pled as a declaratory action pursuant to Florida's Declaratory Judgment Act, the Court construes it as seeking relief under the federal Declaratory Judgment Act. *See Rock Custom Homes, Inc. v. Am. Zurich Ins. Co.*, 2019 WL 4477819, at *1 (M.D. Fla. Sept. 18, 2019) ("Because the state law is procedural, federal law governs here."); citing *Costa Regency, L.L.C. v. HSBC Card Servs., Inc.*, 2019 WL 2567926, at *3 (M.D. Fla. June 21, 2019) ("Although the Complaint seeks a declaration under Section 86.011, Florida Statutes, the case has been removed to federal court, and so, the federal Declaratory Judgement Act, 28 U.S.C. § 2201, governs."); *CJS Inv'rs, LLC v. Berke*, 2018 WL 6589713, at *3 (M.D. Fla. Dec. 14, 2018)

("Accordingly, the Court will construe Count II as though [plaintiff] sought relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, rather than Florida's."); *see also Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017) ("As a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law.") (citation omitted).

To maintain such a claim for declaratory relief, "[a]n 'actual controversy' between the parties is necessary." *Rock Custom Homes,* 2019 WL 4477819 at *1 (quoting *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015)). The issue is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). A claim should proceed "if declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id*. (internal quotation marks and citation omitted). A controversy that is unripe, moot, or purely advisory will not support a claim. *Blitz*, 151 F. Supp. 3d at 1302.

Here, as in *Rock Custom Homes*, Count Two:

> presents a substantial controversy for the Court to resolve. [Plaintiff] alleges an adverse legal relationship along with a live dispute over obligations under the Policy. This is not a hypothetical disagreement. Policy coverage is unresolved. So there is a fight over whether [Defendant] must provide coverage for substantial damages to [Plaintiff]'s property. Thus, the Complaint alleges an actual controversy to survive this Motion.

2019 WL 4477819 at *2 (citing *Frank v. Rockhill Ins.*, 2018 WL 5619325, at *2-3 (M.D. Fla. Oct. 30, 2018)).

So, if Count Two states a claim sufficient to survive Defendant's Rule 12(b)(6) Motion, the question arises as to whether it should be dismissed as being "subsumed by" or "wholly inconsistent with" Count One.  Again, while Defendant directs the Court to cases from the Southern District, the undersigned is persuaded by the reasoning of the recent cases from this District.  Indeed, as several courts in this District have recognized, "there is a split of authority on this issue between the Middle and Southern Districts."  *Rock Custom Homes*, 2019 WL 4477819 at *2.  Courts in the Middle District have repeatedly rejected redundancy as a ground for dismissal under Rule 12(b)(6).  *See, e.g.*, *Suntrust Equip. Finance & Leasing Corp. v. Int'l Speedway Corp.*, Case No. 2020 WL 6049390, at *12 (M.D. Fla. Sept. 8, 2020) (rejecting redundancy argument); *CMR Const. & Roofing LLC v. Federal Ins. Co.*, 2020 WL 2850050, at *1-*2 (M.D. Fla. June 6, 2020) (rejecting redundancy argument and denying motion to dismiss); *Maher v. Rockhill Ins. Co.*, 2019 WL 5084093, at *2 (M.D. Fla. Feb. 6, 2019) ("[A] redundant claim should not be dismissed as long as it is valid.").  Courts in the Middle District have described this as a "hometown precedent."  *See, e.g.*, *Rock Custom Homes*, 2019 WL 4477819, at *2 ("Being in the Middle District, this Court applies the hometown precedent and rejects [the insurer]'s argument.").

The Court finds not only that the "hometown precedent" rule weighs in favor of denying the Motion but also that the reasoning in the Middle District cases is persuasive.  As one judge in the Middle District explained:

> The decision to hear a declaratory judgment claim, however, is discretionary. *Local Union No. 808*, 2013 WL 12155443 at *3 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)). While "some courts dismiss claims for declaratory relief where the plaintiff alleges a parallel breach of contract claim," others "allow the declaratory claim to travel with the breach of contract claim." *Id*. (citing *Kenneth F. Hackett & Associates, Inc. v. GE Capital Information Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010)). Additionally, even assuming Plaintiff's declaratory judgment claims are redundant of the breach of contract claims, a motion to dismiss "tests a claim's plausibility – not redundancy." *Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*,

No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019) (citing *Wichael v. Wal-mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct 30, 2014) (stating a redundant claim should not be dismissed under Rule 12(b)(6) if it is valid). Further, the "federal Declaratory Judgment Act and Rule 57 allow for a declaratory judgment even if there is another adequate remedy." *Id*. (citing *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015). See *Banks v. USAA Casualty Insurance Company*, No. 5:19-CV-189-OC-30PRL, 2019 WL 5265356, at *1 (M.D. Fla. May 10, 2019) (holding that the duplicative nature of the declaratory judgment and breach of contract claims did not, alone, warrant dismissal because Rule 8(d) allows pleading in the alternative).

*Tiro Beachwear Inc. v. Foremost Ins. Co.*, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020).

Further, the findings in *Tiro* apply with equal weight here:

> [T]he Court need not conclude whether or not the declaratory judgment claims are subsumed by the breach of contract claims because the Court is persuaded to not dismiss the claim. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending all claims. Since the breach of contract claim will proceed, discovery will occur in this case. If the declaratory judgment claim is subsumed by the breach of contract claim, there will be no additional discovery burdens as a result of the presence of the other claim. Further, this issue may be better addressed at the summary judgment stage, after discovery is completed. Thus, at this stage of the litigation, Plaintiff has plausibly alleged a declaratory judgment claim

*Id*. at *3. And it is worth repeating that Defendant did not seek leave to reply to address the foregoing Middle District authority, none of which Defendant addressed in the Motion.

### IV.   Conclusion

Accordingly, it is **ORDERED** that the Motion (Doc. 21) is **DENIED**.

**ORDERED** in Orlando, Florida on May 2, 2023.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE